IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IAN ODOMS** | : |
| | : |
| v. | : |
| | :    **JURY TRIAL DEMANDED** |
| **CURRAN-FROMHOLD** | : |
| **CORRECTIONAL FACILITY** *c/o* | : |
| **CITY CTY OF PHILADELPHIA** | : |
| **and** | : |
| **CORRECTIONAL OFFICER,** | :    No. |
| **KIMBERLY SMITH** | : |
| **and** | : |
| **CORRECTIONAL OFFICERS** | : |
| **JOHN DOE I-IV** | : |

## COMPLAINT

Plaintiff, Ian Odoms ("Mr. Odoms"), by and through his attorneys, Gay & Chacker, P.C., hereby asserts the following Complaint against defendants, Curran-Fromhold Correctional Facility *c/o* City of Philadelphia ("CFCF"), Correctional officer Kimberly Smith ("Smith"), Correctional Officer John Doe I, Correctional officer John Doe II, Correctional officer John Doe III and Correctional Officer John Doe IV (collectively "correctional officer defendants"), as follows:

### Parties

1. Plaintiff is and was at all material times a resident of Philadelphia, Pennsylvania.

2. Defendant City of Philadelphia is a Municipality of the State of Pennsylvania and owns, operates, manages, directs and controls CFCF, which employed the correctional officer defendants.

3. CFCF is a municipal agency within the purview of the City of Philadelphia and at

all times relevant hereto employed the correctional officer defendants.

4. Defendant Smith was at all times relevant to this action a correctional officer at CFCF. She is being sued in her individual capacity and as a correctional officer at CFCF and City of Philadelphia.

5. Defendant John Doe I was at all times relevant to this action a Correctional Officer at CFCF and is being sued in his individual capacity as a Correctional Officer at CFCF and City of Philadelphia.

6. Defendant John Doe II was at all times relevant to this action a Correctional officer at CFCF and is being sued in their individual capacity as a correctional officer at CFCF and City of Philadelphia.

7. Defendant John Doe III was at all times relevant to this action a Correctional officer at CFCF, and is being sued in their individual capacity as a correctional officer at CFCF and City of Philadelphia.

8. Defendant John Doe IV was at all times relevant to this action a Correctional officer at CFCF, and is being sued in their individual capacity as a correctional officer at CFCF and City of Philadelphia.

## Jurisdiction

9. This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 and 1341 (1), (3) and (4). Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## Facts

10. On April 24, 2018, Mr. Odoms was a pretrial detainee at CFCF, located at 7901 State Road, Philadelphia, PA 19136.

11. On April 24, 2018 Mr. Odom was eating in the cafeteria when he asked one of the correctional officer defendants for a grievance.

12. He was told by the defendant correctional officer "I don't give a shit about a grievance" and told to go to his cell.

13. Mr. Odoms then asked for a grievance from another defendant correctional officer, took his food and walked toward his cell.

14. As Mr. Odoms crossed the threshold into his cell defendant Smith slammed the cell door shut behind him. The door hit Mr. Odoms foot and bounced off.

15. Mr. Odoms then asked defendant Smith why she slammed the door on him and whether she was trying to break his foot.

16. As Mr. Odoms spoke to defendant Smith, he observed her lift her hand and hit him with a ring of keys.

17. Other defendant correctional officers observed defendant Smith's action, had an opportunity to intervene to protect Mr. Odoms and choose not to intervene.

18. At no time did Mr. Odoms resist or fail to comply with any command given to him.

19. At no time did Mr. Odoms pose a threat to anyone present at CFCF.

20. Mr. Odoms was taken to the infirmary and then to Aria Torresdale hospital. At Torresdale Hospital they conducted a CT scan of brain which showed a concussion.

21. When Mr. Odoms returned to CFCF he was put in solitary confinement for 4

days.

22. At no time prior to this incident did Mr. Odoms resist defendant correctional officers at CFCF in any manner.

23. At all times prior to this incident, Mr. Odoms complied with or attempted to comply with the defendant correctional officers' orders.

24. The attack by defendant correctional officers upon Mr. Odoms resulted in excruciating pain in his head, headaches/migraines, nausea and vomiting, requiring immediate medical attention at the CFCF infirmary.

25. As a direct and proximate result of the defendant correctional officers' actions, Mr. Odoms continues to suffer from chronic post-traumatic headache with photosensitity.

26. As a direct and proximate result of the defendant correctional officers' actions, Mr. Odoms has and will continue to suffer in the future great pain and suffering depriving him of life's pleasures.

27. As a direct and proximate result of the defendant correctional officers' actions, Mr. Odoms has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

28. As a direct and proximate result of the defendant correctional officers' actions, Mr. Odoms has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

29. As a direct and proximate result of the defendants' actions, Mr. Odoms was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and in particular the right to be free from

excessive force and retaliation while being and the right to due process of law.

30. The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of Mr. Odoms to freedom from use of excessive, unreasonable and unjustified force against his person.

## COUNT ONE
### Excessive Force
### 42 U.S.C. § 1983 against Correctional Officer Defendants

31. Mr. Odoms hereby incorporates the allegations contained in paragraphs 1 through 30, inclusive, of his Complaint as if the same were set forth at length herein.

32. Mr. Odoms claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against the correctional officer defendants for violation of his constitutional rights under color of law.

33. As a result of the above actions, Mr. Odoms suffered the damages as aforesaid.

WHEREFORE, plaintiff, Mr. Odoms, demands judgment in his favor and against Defendant Correctional officers for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT TWO
### Supplemental Claims against Officer Defendants

34. Mr. Odoms hereby incorporates the allegations contained in paragraphs 1 through 33, inclusive, of his Complaint as if the same were set forth at length herein.

35. Correctional officer defendants assaulted and battered Mr. Odoms and intentionally inflicted emotional distress upon Mr. Odoms.

36. Correctional officer defendants, acting in concert and conspiracy, committed acts

in violation of Mr. Odoms' Constitutional Rights and against the laws of Pennsylvania. The correctional officer defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny Mr. Odoms' access to the courts and to due process and to cover-up the wrongful assault and punishing of Mr. Odoms.

37. Correctional officer defendants performed overt acts in furtherance of the conspiracy.

38. As a result of the above actions, Mr. Odoms suffered the damages as aforesaid.

WHEREFORE, plaintiff, Mr. Odoms, demands judgment in his favor and against defendant correctional officers for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT THREE
### Bystander Liability
### 42 U.S.C. § 1983 Against Officer Defendants

39. Mr. Odoms hereby incorporates the allegations contained in paragraphs 1 through 38, inclusive, of his Complaint as if the same were set forth at length herein.

40. Mr. Odoms believes and therefore avers that the defendant, John Doe correctional officers I-IV encouraged and stood idly by while Mr. Odoms was assaulted and battered which deprived Mr. Odoms of his rights and privileges under the Fourth, Eighth and Fourteenth Amendments of Constitution of the United States.

41. Defendants Correctional Officers John Doe I-IV failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the assault and battery of Mr. Odoms.

42. By encouraging and failing to intervene, the defendant John Does I-IV

Correctional Officers effectively assisted defendant Smith and each other in assaulting and battering Mr. Odoms and therefore deprived Mr. Odoms of his Constitutional rights and privileges under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

43. As a result of the above actions, Mr. Odoms suffered the damages as aforesaid.

44. The actions of defendant correctional officers John Does I-IV were so malicious, intentional, and displayed such a reckless indifference to Mr. Odoms' rights and well-being that the imposition of damages is warranted.

45. The correctional officer defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny Mr. Odoms' access to the courts and to due process and to cover-up the wrongful beating of Mr. Odoms.

WHEREFORE, plaintiff, Mr. Odoms, demands judgment in his favor and against defendant Correctional Officers John Does I-IV for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT FOUR
## 42 U.S.C. Sections 1983 against City of Philadelphia

46. Mr. Odoms hereby incorporates the allegations contained in paragraphs 1 through 45, inclusive, of his Complaint as if the same were set forth at length herein.

47. The City of Philadelphia at CFCF developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia detained at CFCF, which caused the violation of Mr. Odoms's rights.

48. It was the policy and/or custom of the City of Philadelphia at CFCF to inadequately supervise and train its officers, including the correctional defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers. The City of Philadelphia did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct.

49. It was the policy and/or custom of the City of Philadelphia at CFCF to inadequately supervise and train its officers, including the correction officer defendants, against a code of silence or "blue code" of officers refusing to intervene against or provide truthful information against constitutional violations and misconduct committed by their fellow officers.

50. As a result of the above described policies and customs, officers of the City of Philadelphia at CFCF, including the correctional officer defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

51. As a result of the above actions, Mr. Odoms suffered the damages as aforesaid.

WHEREFORE, plaintiff, Mr. Odoms, demands judgment in his favor and against defendant, City of Philadelphia for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT FIVE
*Respondeat Superior* **Based Upon State Law Claims Only**
**Plaintiff against City of Philadelphia**

52. Mr. Odoms hereby incorporates the allegations contained in paragraphs 1 through 51, inclusive, of his Complaint as if the same were set forth at length herein.

53. Defendant, City of Philadelphia, was at all times material the master and/or employer of the correctional officer defendants.

54. At all times material hereto, the correctional officer defendants were acting in the course and scope of their employment as the servants and/or agents of defendant, City of Philadelphia.

55. Defendant, City of Philadelphia, intentionally, recklessly and with deliberate indifference failed to properly supervise the correctional officer defendants, resulting in the harm to Mr. Odoms.

56. Defendant, City of Philadelphia, is liable under the doctrine of *respondent superior* for the intentional, malicious and indifferent conduct of its employees, the correctional officer defendants, and violated Mr. Odoms's constitutional rights under the Pennsylvania Constitution and Laws of the State of Pennsylvania.

WHEREFORE, plaintiff, Mr. Odoms, demands judgment in his favor and against defendant City of Philadelphia for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

*Brian S. Chacker*
BRIAN S. CHACKER, ESQUIRE (ID# 84284)
Gay Chacker & Mittin, P.C.
1731 Spring Garden Street
Philadelphia, PA  19130
(215) 567-7955
Fax: (215) 567-6809
E-Mail: brian@gayandchacker.com
**Attorney for Plaintiff, Ian Odoms**

Date:  April 20, 2020

Case 2:20-cv-02001-PBT   Document 1   Filed 04/22/20   Page 10 of 10